Matter of Voutsinas v Schenone (2018 NY Slip Op 07438)





Matter of Voutsinas v Schenone


2018 NY Slip Op 07438


Decided on November 7, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 7, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
CHERYL E. CHAMBERS
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2016-00846
2016-05109
2016-05145
 (Index No. 3162/15)

[*1]In the Matter of George Voutsinas, et al., appellants,
v
J. Robert Schenone, etc., et al., respondents.


Berkman, Henoch, Peterson, Peddy & Fenchel, P.C., Garden City, NY (Peter Sullivan of counsel), for appellants.
Cullen & Dykman LLP, Garden City, NY (Thomas B. Wassel of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel the respondent Zoning Board of Appeals of the Village of Rockville Centre to amend the minutes of certain meetings held in connection with the petitioners' application for a parking variance, the petitioners appeal from (1) a judgment of the Supreme Court, Nassau County (Antonio I. Brandveen, J.), dated December 8, 2015, (2) an order of the same court dated April 5, 2016, and (3) an amended order of the same court dated April 21, 2016. The judgment dated December 8, 2015, denied the petition and, in effect, dismissed the proceeding. The amended order dated April 21, 2016, insofar as appealed from, upon reargument, adhered to the determination in the judgment dated December 8, 2015.
ORDERED that the appeal from the order dated April 5, 2016, is dismissed, as that order was superseded by the amended order dated April 21, 2016; and it is further,
ORDERED that the judgment dated December 8, 2015, is affirmed; and it is further,
ORDERED that the amended order dated April 21, 2016, is affirmed insofar as appealed from; and is further,
ORDERED that one bill of costs is awarded to the respondents.
Following commencement of a related hybrid action for declaratory relief and proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Rockville Centre (hereinafter the Zoning Board) dated November 21, 2014 (see Matter of Voustinas v Zoning Bd. of the Village of Rockville Centre, _____ AD3d _____ [Appellate Division Docket Nos. 2016-00903, 2016-05120; decided herewith]), the petitioners commenced this CPLR article 78 proceeding, inter alia, to compel the Zoning Board to file "corrected" minutes of two meetings held in connection with the Zoning Board's November 21, 2014, determination. The [*2]petition alleged, inter alia, that the minutes of a certain meeting of the Zoning Board violated the Open Meetings Law (see Public Officers Law § 100 et seq.), as they falsely indicated that a vote approving the petitioners' application for a parking variance was conditioned upon the Zoning Board's counsel's review of certain covenants and restrictions related to the application, but that no such condition was discussed at the time the vote was taken. By judgment dated December 8, 2015, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners moved for leave to reargue. By order dated April 5, 2016, and subsequent amended order dated April 21, 2016, the court granted leave to reargue and, upon reargument, adhered to its original determination. The petitioners appeal.
"The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only where there exists clear legal right to the relief sought" (Matter of Betty Y. v Brennan, 163 AD3d 834, 835; see Matter of Glyka Trans, LLC v City of New York, 161 AD3d 735). Here, consistent with the requirements of Public Officers Law § 106(1), the minutes of the meeting in question which were filed by the Zoning Board include a summary of the motion to approve the petitioners' application and the vote thereon (see e.g. Matter of Perez v City Univ. of N.Y., 5 NY3d 522, 523). To the extent that the petitioners seek to compel the Zoning Board to amend its minutes so as to effect a particular result from the recorded vote, the petitioners have no legal right to that relief (see Matter of Glyka Trans, LLC v City of New York, 161 AD3d at 739).
The petitioners' remaining contentions are either without merit or not properly before us.
Accordingly, we agree with the Supreme Court's determination denying the petition and, in effect, dismissing the proceeding, and, upon reargument, adhering to its original determination.
LEVENTHAL, J.P., CHAMBERS, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court